## W. H. SNYDER v. THE STATE.

### No. 6399.   Decided October 19, 1921.

**1.—Theft—Evidence—Confession.**

The statement in the confession as to defendant's coming and going was explanatory of his presence in Ft. Worth, his home, as stated by him, being in the State of Oklahoma, and there was no error in its admission; nor was there any error because of the promise of the police officer to use hi influence to secure a suspended sentence.

**2.—Same—Plea of Guilty—Evidence—Confession—Punishment.**

Where defendant pleaded gulity to theft, there was no error in admitting his confession as a whole, as the amount of punishment for the offense was within the discretion of the jury, following Woodall v. State, 58 Texas Crim. Rep., 516.

Appeal from the Criminal District Court of Tarrant.   Tried below before the Honorable Geo. E. Hosey.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

No brief on file for appellant.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was convicted of theft, and punishment fixed at confinement in the penitentiary for two years. He entered the plea of guilty.

Two bills of exceptions are found: one complaining of the admission of evidence of a part of the written confession; the other of the exclusion of evidence that at the time of his arrest, the officer in charge of him, not knowing whether the appellant was guilty of the theft of the automobile in question, told him that if he would inform him of the locality of the automobile, he would use his influence to secure a suspended sentence.   It was shown that through the information given the officer by the appellant, the automobile was recovered.

The part of the confession objected to was the statement:

"I came here to go to the dances at the Hebrew Institute and the Cozy Club.   These are public dances."

It is contended that these sentences were prejudicial and that the error in admitting them was emphasized by their use in argument

against the appellant. The theory is also advanced that the transaction with the officer mentioned was admissible upon the issue of suspended sentence. The statement in the confession was explanatory of the appellant's presence in Fort Worth, his home, as stated by him, being in the state of Oklahoma. The evidence does not reveal any fact that would render his attendance upon the dances mentioned discrediting.

We are without brief from either the appellant or the state, and are aware of no authority holding, and there is advanced no reason deemed by us sufficient to justify a reversal of the judgment by reason of the admission of the quoted clauses from the confession, nor do we regard the promise of the police officer to use his influence to secure a suspended sentence a relevant or material matter to be considered by the jury upon that issue.

The introduction of the confession as a whole was resisted upon the ground that in view of the plea of guilty, the confession was immaterial. The amount of punishment for the offense being within certain limits discretionary with the jury, it was incumbent upon the state to introduce evidence to guide the jury in assessing the punishment. Code of Crim. Proc., Art. 565; Vernon's Texas Crim. Statutes, vol. 2, page 289; Woodal v. State, 58 Texas Crim. Rep., 516.

We think there was no error in receiving the confession in evidence. The judgment is affirmed.

*Affirmed.*